UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| OMAR ROSALES,<br><br>                         Plaintiff,<br><br>v.<br><br>PANDORA'S PIZZA, INC.,<br><br>                         Defendant. | Case No.: 18-CV-2326 JLS (BLM)<br><br>**ORDER: (1) DENYING MOTION FOR DEFAULT JUDGMENT; (2) DENYING MOTION FOR LEAVE TO FILE DOCUMENTS ELECTRONICALLY; AND (3) FOR PLAINTIFF TO SHOW CAUSE WHY THIS CASE SHOULD NOT BE DISMISSED FOR LACK OF STANDING**<br><br>(ECF Nos. 5, 8) |

      Presently before the Court are Plaintiff Omar Rosales' Motion for Default Judgment ("Mot.," ECF No. 8), and Plaintiff's Motion for Leave to File Documents Electronically (ECF No. 5). Defendant Pandora's Pizza, Inc., located in Encinitas California, has not pled or otherwise defended this action. *See generally* Docket. Having considered Plaintiff's arguments and the law, the Court **DENIES** Plaintiff's Motions. The Court also **ORDERS** Plaintiff to **SHOW CAUSE** why this action should not be dismissed for lack of standing.

      Federal Rule of Civil Procedure 55 permits a court to enter default judgment upon a party's application. Although default judgments are ordinarily disfavored, a court may grant or deny a motion for default judgment at its discretion. *See Alan Neuman Prods.,*

*Inc. v. Albright*, 862 F.2d 1388, 1392 (9th Cir. 1988) (citing *Haw. Carpenters' Tr. Funds v. Stone*, 794 F.2d 508, 511–12 (9th Cir. 1986); *Eitel v. McCool*, 782 F.2d 1470, 1471 (9th Cir. 1986); *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980)).

The Ninth Circuit has set out seven factors, known as the *Eitel* factors, that a court may consider when exercising its discretion as to whether to grant default judgment:

> (1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action, (5) the possibility of a dispute concerning material facts, (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

*Eitel*, 782 F.2d at 1471–72.

When weighing these factors, the well-pleaded factual allegations of the complaint are taken as true, except for those allegations relating to damages. *TeleVideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917–18 (9th Cir. 1987); *see also* Fed. R. Civ. P. 8(b)(6). To prove damages, a plaintiff may submit declarations, or the Court may hold an evidentiary hearing. *See Affinity Grp., Inc. v. Balser Wealth Mgmt., LLC*, No. 05CV1555 WQH (LSP), 2007 WL 1111239, at *1 (S.D. Cal. Apr. 10, 2007).

To enter default judgment against a defendant, the Court must first determine it has subject-matter jurisdiction. *See Twitch Interactive, Inc. v. Johnston*, No. 16-cv-03404-BLF, 2019 WL 3387977, at *3 (N.D. Cal. July 26, 2019); *see also In re Tuli*, 172 F.3d 707, 712 (9th Cir. 1999) ("When entry of judgment is sought against a party who has failed to plead or otherwise defend, a district court has an affirmative duty to look into its jurisdiction over both the subject matter and the parties."). Here, Plaintiff contends the Court has subject-matter jurisdiction under 28 U.S.C. § 1331 because he has brought a cause of action under the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12101 *et seq*. The Court is not convinced, however, that Plaintiff has shown Article III standing to bring such a claim.

"Only injunctive relief is available under Title III of the ADA." *Barnes v. Marriott Hotel Servs., Inc.*, No. 15-CV-01409-HRL, 2017 WL 635474, at *7 (N.D. Cal. Feb. 16, 2017). To establish standing to seek injunctive relief, a plaintiff must show that "he [i]s likely to suffer future injury." *See City of L.A. v. Lyons*, 461 U.S. 95, 105 (1983). "[A]n ADA plaintiff can establish standing to sue for injunctive relief either by demonstrating deterrence, or by demonstrating injury-in-fact coupled with an intent to return to a noncompliant facility." *Chapman v. Pier 1 Imports (U.S.) Inc.*, 631 F.3d 939, 944 (9th Cir. 2011). And when, as here, "the public accommodation being sued is far from the plaintiff's home," the plaintiff must also "demonstrate[] an intent to return to the geographic area where the accommodation is located." *D'Lil v. Best W. Encina Lodge & Suites*, 538 F.3d 1031, 1037 (9th Cir. 2008) (citing *Pickern v. Holiday Quality Foods, Inc.*, 293 F.3d 1133, 1138 (9th Cir. 2002); *Doran*, 524 F.3d at 1037–38). "'[S]ome day' intentions [to return to a noncompliant facility] . . . are insufficient to establish standing." *Barnes*, 2017 WL 635474, at *8. As for deterrence, the plaintiff must be able to establish that he would have reason to return to the noncompliance facility if circumstances were to change. *See Doran v. 7-Eleven, Inc.*, 524 F.3d 1034, 1040–41 (9th Cir. 2007). An ADA plaintiff therefore "lacks standing if he is indifferent to returning to the store or if his alleged intent to return is not genuine." *Chapman*, 631 F.3d at 953.

Taking the allegations in the Complaint as true, *see TeleVideo*, 826 F.2d at 917–18, it appears that Plaintiff has not established an intent or reason to return to Pandora's Pizza, even if the restaurant were to become compliant. At the time he filed his Complaint, it appears Plaintiff resided in Austin, Texas. ECF No. 1 ("Compl.") at 1. It now appears Plaintiff resides in New York, New York. Mot. at 1. Although the business is far from his home, Plaintiff asserts that he "is a frequent traveler to California with personal and business ties to the state." Compl. ¶ 6. Plaintiff also asserts that he "was last stationed at Camp Pendleton" and that he "was in California in June and September 2018." *Id.* Plaintiff, however, does not state where his personal and business ties are located, or whether he visits Encinitas regularly. *See generally id.* Notably, Plaintiff fails to state he

3

18-CV-2326 JLS (BLM)

has any concrete plans to return to California in the future, let alone any reason to return to Pandora's Pizza specifically. *Id.*

The Court finds that Plaintiff has "failed to establish any regularity in his visits to [Encinitas], where the store is located, and likewise failed to present sufficient evidence of more than a vague desire to return to the [restaurant]." *See Chapman v. Pismo Food Store*, 710 F. App'x 769, 770 (9th Cir. 2018); *see also Rocca v. Den 109 LP*, 684 F. App'x 667, 669 (9th Cir. 2017) ("The district court . . . did not err in finding it implausible that Rocca would return to Denny's because it was far from his home. Unlike plaintiffs in ADA cases where we found an intent to return to a business located far from the plaintiff's home, Rocca did not testify that he had an intent to return, let alone provide detailed reasons for the long distance visit such as a regular business trip, an annual amusement park visit, or a family member nearby.") (citing *D'Lil*, 538 F.3d at 1038–39; *Doran*, 524 F.3d at 1040–41; *Pickern*, 293 F.3d at 1135, 1137–38). Plaintiff's assertions are "precisely the type of speculative 'some day' intention[s] the Supreme Court has rejected as insufficient to confer standing." *See Bain v. Cal. Teachers Ass'n*, 891 F.3d 1206, 1214 (9th Cir. 2018). "As a result," the Court concludes that Plaintiff "lacks standing to pursue his claims." *Feezor v. Sears, Roebuck & Co.*, 608 F. App'x 476, 477 (9th Cir. 2015) (finding "Plaintiff's conclusory statements" that he would shop at store "if it were accessible" insufficient to confer standing).

Having found that Plaintiff has failed meet his "burden of showing that he has standing for each type of relief sought," *see Summers v. Earth Island Inst.*, 555 U.S. 488, 493 (2009), the Court finds that "the sufficiency of the complaint," "the possibility of a dispute concerning material facts," and "the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits," all weigh strongly against granting default judgment. *See Eitel*, 782 F.2d at 1471–72. The Court therefore **DENIES WITHOUT PREJUDICE** Plaintiff's Motion for Default Judgment (ECF No. 8). Because the Court's jurisdiction is in question, the Court likewise **DENIES WITHOUT PREJUDICE** Plaintiff's Motion for Leave to File Documents Electronically (ECF No. 5).

Based on the foregoing, the Court **ORDERS** Plaintiff to **SHOW CAUSE** why this matter should not be dismissed for lack of Article III standing over Plaintiff's claims under the ADA. Plaintiff should also **ADDRESS** the Court's exercise of supplemental jurisdiction over Plaintiff's claims under the Unruh Act. *See, e.g.*, *Barnes*, 2017 WL 635474, at *13 (declining to exercise supplemental jurisdiction under 28 U.S.C. § 1367(c) over remaining state law claims after dismissing ADA claim for lack of standing). Plaintiff **SHALL FILE** a written response addressing these issues **within fourteen days** of the electronic docketing of this Order. Failure to respond timely will result in dismissal for lack of standing.

**IT IS SO ORDERED.**

Dated: February 10, 2020

*Janis L. Sammartino*
Hon. Janis L. Sammartino
United States District Judge